IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA FREDERICK<br>8053 Coal Bank Road<br>Marshallville, Ohio 44645<br><br>      Plaintiff,<br><br>v.<br><br>ROCKWELL AUTOMATION, INC.,<br>d/b/a Rockwell Automation (USA)<br>c/o CT Corporation System, Stat. Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**(Jury Demand Endorsed Hereon)** |

  Plaintiff Pamela Frederick, by and through undersigned counsel, as her Complaint against Defendant Rockwell Automation, Inc. ("Rockwell"), states and avers the following:

## PARTIES.

1. Frederick is a resident of the Village of Marshallville, County of Wayne, State of Ohio.

2. Rockwell is a foreign corporation lawfully registered to do business in Ohio that operates under the trade name "Rockwell Automation (USA)" and which operates an industrial automation and information business located in Mayfield Heights, Ohio.

3. At all times referenced herein, Rockwell was an "employer" and a "person" as defined by Ohio. R.C. § 4112.01 et seq. and 42 USC § 2000e(a) & (b).

4. At all times referenced herein, Frederick was a "person," and "employee," of Rockwell, as defined by Ohio R.C. § 4112.01 et seq. and 42 USC § 2000e(a) & (f).

## PERSONAL JURISDICTION.

5. Rockwell hires citizens of the State of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Rockwell comports with due process.

6. Frederick performed work in this judicial district, was paid by Rockwell pursuant to work performed in this district, and/or was hired out of this district.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff is alleging federal law claims under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).

8. Venue is proper in this District because all of the wrongs herein alleged occurred in this District.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims under the Ohio Fair Employment Practices Act, O.R.C. § 4112.01, *et seq*, and related state law claims, because those claims derive from a common nucleus of operative facts, namely Frederick's employment with Rockwell.

10. Prior to commencing this action, Frederick filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been discriminated against and retaliated against by Rockwell on the basis of her sex, female. Frederick's charge remains pending.

11. In her Charge of Discrimination, Frederick has alleged that she was paid less than males in comparable positions on the basis of her gender, female.

12. In her Charge of Discrimination, Frederick has alleged that she was denied promotion on the basis of her gender, female.

13. In her Charge of Discrimination, Frederick has alleged that she was retaliated against on the basis of protected reports of discrimination on the basis of her gender, female.

14. In her Charge of Discrimination, Frederick has alleged that she was harassed and discriminated against at Rockwell on the basis of her gender, female.

15. Frederick has initiated the process to properly exhaust her administrative remedies to assert claims under Title VII of the Civil Rights Act of 1964 pursuant to 29 C.F.R. § 1614.407(b) and under Ohio law pursuant to O.R.C § 4112.052(B)(2).

16. Upon issuance of a Right to Sue by the EEOC, Frederick will move to amend her Complaint to include the additional claims.

## FACTUAL ALLEGATIONS.

17. Frederick is a former employee of Rockwell.

18. Frederick is female.

19. Prior to working for Rockwell, Frederick had obtained an Associate's Degree from ITT Technical Institute in Computer and Electrical Engineering Science.

20. Frederick was first hired by Rockwell on or about February 17, 2014 as an Engineering/Hardware Technician Level 2.

21. Doug Bodeman hired Frederick to work for Rockwell.

22. Bodeman was Frederick's supervisor through 2017.

23. In 2017, Bodeman told Frederick that he would look into a promotion for her by the end of the year.

24. In 2017, Bodeman became a Vice President at Rockwell.

25. In 2017, Al Falcione became Frederick's supervisor.

26. Frederick did not receive a promotion in 2017.

27. Frederick remained a Level 2 Technician.

28. When Frederick was hired, Frederick was told that discussing her pay with coworkers was prohibited.

29. Frederick was told that Rockwell Automation's policies prohibited employees from discussing their pay with one another.

30. Frederick and other Rockwell employees were told by management that discussing pay with their coworkers could result in termination.

31. Because of the threats of termination made if employees discussed their pay, members of Frederick's department typically spoke of their raises and other compensation in terms of percentages received and did not speak of their actual rate of pay.

32. In 2019, Jeff Blair became Frederick's direct supervisor.

33. From 2014 through 2019, Frederick was the only female technician in her department.

34. In or around 2021, another female, Diana Milanes, transferred to Frederick's department from another Rockwell location.

35. After Milanes' transfer, she and Frederick were the only females in Frederick's department.

36. Of the ten employees in Frederick's department, only three employees had more Development seniority than Frederick, including Milanes.

37. Despite having more experience than most of her male coworkers, Frederick was the lowest Level technician in her department.

38. Frederick was the only Level 2 Technician in her department.

39. Despite having more experience than most of her male coworkers, Frederick was the lowest paid technician in her department.

40. Because of her experience and skill set, Frederick was regularly tasked with performing work usually assigned to the higher-paid Level 3 and Level 4 technicians and Level 3 and Level 4 senior technicians.

41. Despite having similar duties to Level 3 and 4 technicians and senior technicians, Frederick was deliberately kept at a Level 2 technician position because she is female.

42. As part of her duties, Frederick was required to have the same minimum education requirements as Level 3 and Level 4 technicians.

43. As part of her job duties, Frederick was required to have the same certifications as Level 3 and Level 4 technicians.

44. During Frederick's employment, new male employees, transfers, and contractors were hired in as Level 3 technicians or higher.

45. During Frederick's employment, new male employees, transfers and contractors were hired in as Level 3 technicians or higher despite having less experience than Frederick.

46. All of the male technicians hired in Frederick's department during her employment started with a base hourly rate higher than Frederick's.

47. Derek Farley is a Level 3 technician.

48. In September 2022, Frederick learned that Farley earned $30.75 per hour.

49. In September 2022, Frederick earned $25.50 per hour.

50. $22.50 was the bottom of the pay range for technicians in Frederick's department.

51. On or about September 19, 2022, Frederick made a report of harassment, discrimination, retaliation, and pay-based discrimination to Human Resources ("Report of Discrimination.")

52. Frederick made her Report of Discrimination to Steve Ostrom.

53. Frederick made a supplemental Report of Discrimination to Corporate Human resources Representative Becky House.

54. Frederick's reports of discrimination included multiple instances of differential treatment, harassment, discrimination, retaliation, threats of being placed on a "Needs Improvement" list, failure to promote, and being paid less than her co-workers because of her gender.

55. After Rockwell's investigation into Frederick's Report of Discrimination, Rockwell increased Fredericks's pay.

56. In or around October of 2022, after Rockwell's investigation into Frederick's Report of Discrimination, Rockwell changed Frederick's job title to Senior Engineering/Hardware Technician Level 3.

57. Rockwell increased Frederick's rate of pay to $30.76 per hour.

58. Rockwell increased Frederick's pay to one penny per hour more than Farley.

59. Rockwell increased Frederick's pay to just one penny more per hour than the next lowest position in her department.

60. Despite giving her a raise and promotion, Rockwell continued to pay Frederick less than similarly qualified and less qualified men.

61. Rockwell increased Frederick's pay to just one penny per hour above the rate paid to the second lowest paid technician in order to retaliate against Frederick.

62. Rockwell increased Frederick's pay to just one penny per hour above the rate paid to the second lowest paid technician because Frederick is female.

63. After her pay raise, Frederick went from being the lowest paid technician in her department to the second-lowest paid technician in her department.

64. Devin Siemer is a Level 3 technician in Frederick's department.

65. Siemer is male.

66. Siemer has less experience in the duties required by the technician role than Frederick.

67. Siemer has less department seniority than Frederick.

68. At all times referenced herein, Siemer earned more per hour than Frederick.

69. Siemer was paid more than Friederick because Siemer is male.

70. Despite Frederick's October 2022 raise and promotion, Siemer continued to earn more per hour than Frederick.

71. Bill Steinley is a Level 3 Technician in Frederick's department.

72. Steinely is male.

73. Steinely was hired subsequent to Frederick's hire.

74. Steinely has less experience in the duties required by the technician position than Frederick.

75. Steinly has less department seniority than Frederick.

76. Steinley was hired into Rockwell at a higher hourly rate than Frederick was making at the time of Steinley's hire.

77. At all times referenced herein, Steinley earned more per hour than Frederick.

78. Steinley was paid more per hour than Frederick because Steinley is male.

79. Despite Frederick's October 2022 raise and promotion, Steinley continued to earn more per hour than Frederick.

80. Frederick's raise and promotion did not cause Frederick to be paid at or above the level of most male Level 3 technicians.

81. Frederick's raise and promotion did not cause Frederick to be paid at or above the level of male Senior Level 3 technicians.

82. Frederick's raise and promotion was performative.

83. Frederick's raise and promotion was made so that Frederick would stop reporting gender discrimination.

84. As a result of the promotion and pay increase that continued to pay her less than men with similar job duties and responsibilities, Frederick reasonably believed that Rockwell did not take her concerns seriously and would continue to pay her less than similarly situated male employees.

85. Frederick reasonably believed that she would not be paid equally to male employees with similar job titles and/or job duties.

86. Through its continued discrimination, Rockwell intended to cause Frederick to quit.

87. Alternatively, it was foreseeable to Rockwell that its continued discrimination against Frederick would cause her to quit.

88. On January 19, 2023, Frederick resigned her employment.

89. In her resignation, Frederick stated that her conscience would not continue to let her work under the discriminatory conditions created by Rockwell.

**COUNT I: DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT.**

90. Frederick re-alleges and incorporates by reference the allegations set forth in paragraphs 1-90 above.

91. Rockwell discriminated against Frederick in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), *et seq.,* as amended by the Equal Pay Act of 1963 ("EPA"), by providing her with lower pay than similarly-situated male coworkers even though Frederick performed substantially similar duties requiring the same or greater skill, effort and responsibilities of her male counterparts.

92. The differential in pay between Frederick and her male coworkers was not due to different working conditions, job demands, weather conditions, job certifications, and/or experience levels.

93. Rockwell caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.

94. Rockwell has performed the acts alleged knowingly and/or with reckless disregard to the protected rights of Frederick.

95. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

96. As a result of Rockwell's conduct, Frederick has suffered and will continue to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages.

97. By reason of Rockwell's discrimination, Frederick is entitled to all legal and equitable remedies available for violations of the EPA including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, cost and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pamela Frederick requests judgment against Rockwell, containing the following relief:

(a) An award of backpay and frontpay in an amount to be determined at trial, plus prejudgment interest, to compensate Frederick for all monetary and/or economic damages;

(b) Finding that Rockwell's violation of the EPA was willful and awarding Frederick liquidated damages;

(c) An award of costs that Frederick has incurred in this action, as well as Frederick's reasonable attorneys' fees to the fullest extent permitted by law; and

(d) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Chris.Wido@spitzlawfirm.com

*Attorney for Plaintiff Pamela Frederick*

## JURY DEMAND

Plaintiff Pamela Frederick demands a trial by jury by the maximum number of jurors permitted.

>
> */s/Chris P. Wido*
> Chris P. Wido (0090441)
> **THE SPITZ LAW FIRM, LLC**